**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| MICHAEL HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:25-cv-979 |
| v. | ) | |
| | ) | |
| WOODLAND PARK POLICE DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the court on the Motions to Dismiss [DE 16; DE 38; DE 47; DE 49] filed by groupings of the defendants. Plaintiff filed responses [DE 20; DE 46; DE 57; DE 59]. Defendants filed replies [DE 28; DE 53; DE 61; DE 62]. This matter is fully briefed and ripe for ruling. For the reasons set forth below, it is **RECOMMENDED** that the Motions [DE 16; DE 38; DE 47; DE 49] be **GRANTED**.

**Background**

On November 18, 2025, *pro se* Plaintiff Michael Hill filed his complaint against Defendants Woodland Park Police Department ("WPPD"); Chris Deiser. Chief of Police; WPPD Employee 1-99; Cripple Creek Police Department ("CCPD"); Charles Bright, Chief of Police, CCPD Employee 1-99; City of Woodland Park; City of Cripple Creek; Colorado's 4th Judicial District Attorney's Office; Colorado Division of Gaming; Office of Attorney Regulation Counsel; Colorado Bureau of Investigation; Colorado Attorney General Office; Kellie Case, Mayor; Catherine Nakai, Mayor-pro-tem; Steve Smith, Councilmember; George Jones,

Councilmember; Jeffrey Geer, Councilmember; Aaron Vassalotti, City Manager; City of Woodland Park Employee 1-99; Annie Durham, Mayor; Bruce Brown, Mayor-pro-tem; Jared Bowman, Councilperson; Cody Schwab, Councilperson; Melissa Trenary, Councilperson; City of Cripple Creek Employee 1-99; Michael J. Allen, District Attorney; Colorado's 4th Judicial District Attorney's Office employee 1-99; Christopher Schroder, Director of the Colorado Division of Gaming; Armando Saldate III, Director; Colorado Bureau of Investigation Employee 1-99; Phil Weiser, Colorado Attorney General; Colorado Attorney General Office Employee 1-99; Gaming Agent Employee 1-99. [DE 1]. Plaintiff's claims arise out of events involving his arrest in Colorado and his subsequent guilty plea.

For purposes of clarity, the court will associate like-defendants into groups.[1] Accordingly, Defendants Cripple Creek Police Department, City of Cripple Creek, Charles Bright, CCPD Employee 1-99 will hereinafter be referred to as "Cripple Creek Defendants." Defendants Kellie Case, Chris Deisler, Jeffrey Geer, George Jones, Catherine Nakai, Steve Smith, Aaron Vassalotti, City of Woodland Park, Woodland Park Police Department will hereinafter be referred to as "Woodland Park Defendants." Defendants Colorado Attorney General Office, Colorado Bureau of Investigation, Colorado Division of Gaming, Office of Attorney Regulation Counsel, Armando Saldate III, Christopher Schroder, Phil Weiser will hereinafter be referred to as "State Defendants." Defendants Michael J. Allen, Colorado's 4th Judicial District Attorney's Office will hereinafter be referred to as "the DA Office Defendants."

[1] The number of defendants is one example of why the Complaint is frivolous.

**Factual Allegations**

On October 10, 2009, Plaintiff arrived at his house in Woodland Park, Colorado. He then traveled to his spouse's place of employment, but he did not see her there so returned to their shared residence. On October 11, 2009, Plaintiff's wife came home in the morning, "what transpired is in dispute," and then Plaintiff left Colorado. [DE 1 at 9-10].

On October 14, 2009, members of the Cripple Creek Police Department and a Colorado gaming agent spoke with Plaintiff's wife at her place of employment and photographed bruising on her face. *Id.* at 10. The next day, a Colorado court issued a warrant for Plaintiff's arrest. *Id.*

In November 2009, Plaintiff and his wife filed for divorce. [DE 1 at 11]. Plaintiff received a summons from a state court in Teller County, Colorado while he was residing in LaPorte County, Indiana. [DE 1 at 7-8]. On December 17, 2009, Plaintiff alleges that he went to the Woodland Park Police Station to obtain a copy of the police report regarding the criminal investigation into the assault of his ex-wife, and he was arrested. *Id.* Plaintiff was then booked into the Teller County Jail.

On December 18, 2009, Plaintiff was arraigned in his Colorado criminal case by a Teller County court and bailed out of jail on a $1,000.00 bond. *Id.* at 13. In January 2010, Plaintiff pleaded guilty to the charges against him pursuant to a plea agreement. *Id.* at 13-14.

On April 1, 2013, Plaintiff sent a "Complaint Letter" to the WPPD. The WPPD Chief of Police responded to said letter on May 9, 2013. *Id.* at 16.

Ten years later, in December 2023, Plaintiff sent another "Complaint Letter" to the WPPD and sent a copy of the letter to Colorado Attorney General Weiser. *Id.* at 17. On December 18, 2023, Plaintiff sent an "Informal Investigation Letter" to the Colorado Bureau of Investigation Director. *Id.*

In November 2024, Plaintiff sent letters concerning his 2009 criminal case and subsequent conviction to local, state, and federal agencies and officials. Ultimately, Plaintiff claimed he was not guilty of the crime to which he had pled guilty. *Id.* at 21-23.

Plaintiff's Complaint asserts various constitutional claims and fraudulent conspiracy. The Complaint also contains over 400 pages of exhibits. [DE 1]. Each claim raised in the Complaint pertains to the criminal case and guilty plea that occurred seventeen years ago.

**Discussion**

The Cripple Creek Defendants filed a Motion to Dismiss [DE 16] arguing that this court lacks personal jurisdiction, that this District is the improper venue for Plaintiff's claims, and that Plaintiff fails to assert a plausible claim. The Woodland Park Defendants filed a Motion to Dismiss [DE 38] arguing that this court lacks personal jurisdiction, is the improper venue for Plaintiff's claims, lacks jurisdiction due to the statute of limitations, *Heck v. Humphrey* case law, and qualified immunity. The State Defendants filed a Motion to Dismiss [DE 47] arguing that this court lacks subject matter jurisdiction due to qualified immunity and the Eleventh Amendment. The State Defendants also maintain that this court lacks personal jurisdiction to adjudicate any claim against them and assert that this district is not the proper venue for such claims. Finally, the DA Office Defendants also filed a Motion to Dismiss [DE 49] arguing that this court lacks subject matter jurisdiction due to absolute immunity and the Eleventh Amendment. The DA Office Defendants similarly argue that this court lacks personal jurisdiction and is also the improper venue for any claims asserted against them. The Cripple Creek Defendants, Woodland Park Defendants, and the DA Office Defendants both assert that Plaintiff's Complaint fails to articulate plausible claims against defendants. [DE 16; DE 38; DE 50].

Given the duplicity of arguments and the futility of Plaintiff's Complaint, the court will address all Motions to Dismiss simultaneously.

**A. Venue and Jurisdiction**

The United States District Court of Northern Indiana is the improper venue for Plaintiff's complaint and does not have personal jurisdiction over any defendant. Plaintiff's responses to the Motions to Dismiss articulate that he opposes any dismissal of his case, and he tries to reframe his Complaint as unrelated to his innocence. [*See* DE 20; DE 46; DE 57; DE 59]. To assert proper jurisdiction, Plaintiff states that "this lawsuit is about fraud (started in Indiana) which led to the destruction of the Plaintiff's business located in Indiana and operated multi-state." [DE 59 at 7]. However, this case is minimally about fraud; most claims asserted in Plaintiff's Complaint [DE 1] allege Constitutional violations. Notably, Plaintiff did not file an amended complaint. Plaintiff thus maintains that the Northern District of Indiana, Hammond Division is the correct venue for his Complaint. He alleges that Defendants participated in fraud that was "first conspired in Colorado" and "first acted out in Indiana" throughout Plaintiff's divorce proceedings from 2009–2012. [DE 59]. Plaintiff further states that, "the Jurisdiction Soil is not Colorado soil not Illinois soil, not Indiana soil or even New York soil, it's Federal Soil […] events did happened [sic] in Colorado, Indiana and other places." [DE 20 at 7].

Federal Rule of Civil Procedure 12(b)(3) allows a party to assert improper venue as a defense to a claim for relief. Additionally, Rule 12(b)(2) provides that a party also may assert lack of personal jurisdiction as a defense, and Rule 12(b)(1) provides that a party may raise argue a lack of subject-matter jurisdiction. Pursuant to 28 U.S.C. § 1391(b), venue is proper (1) in a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) in a judicial district in which a substantial part of the events or

omissions giving rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated; (3) or if there is no district in which an action may otherwise be brought, in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Personal jurisdiction may be based on an allegation of either general jurisdiction or specific jurisdiction. *See Daimler AG v. Bauman,* 571 U.S. 117, 127–28 (2014). A federal court may exercise general jurisdiction over a corporation when the corporation's contacts with the forum state are so continuous and systematic as to render it essentially at home (residing) in the forum state. *Id.* No defendant named in the Complaint has any connection to Indiana.

For a court to establish specific jurisdiction, the Supreme Court has held that a plaintiff's claim must arise out of or relate to a defendant's contact with the forum state. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.,* 582 U.S. 255, 262 (2017). Additionally, the Seventh Circuit has held that a defendant must purposefully avail itself of the privilege of conducting activities within a forum state to be subject to the specific jurisdiction of a federal court within that state. *B.D. by & through Myers v. Samsung Sdi Co.,* 143 F.4th 757, 765 (7th Cir. 2025). Plaintiff does not claim that this lawsuit arises out of or is related to Defendants' contacts with Indiana. Rather, he alleges that his life in Indiana was interrupted and that the fraud and "more events occurred in Indiana by Jane Doe," who is not a named defendant. [DE 20 at DE 46 at 1-4; DE 57 at 7-9; DE 59 at 7]. This vague statement does not establish that any defendant purposefully availed itself of the privilege of conducting activities in Indiana or had any contact with the state that would be relevant for jurisdictional purposes. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985) (holding that specific jurisdiction exists when a

defendant has purposefully established minimum contacts with the forum, and the litigation arises out of those contacts).

Plaintiff must demonstrate that the conduct creating liability occurred in Indiana. The fact that he may have had adverse consequences in Indiana from conduct which occurred in Colorado does not establish personal jurisdiction.

The alleged actions giving rise to Plaintiff's claims against Defendants all took place in Colorado, not Indiana. Additionally, no defendant is a resident of the state of Indiana and has not had sufficient contacts with Indiana to establish specific personal jurisdiction. Northern District of Indiana is both an improper venue for these claims and lacks personal jurisdiction over any named defendant.

**Motion to Dismiss**

28 U.S.C. § 1406(a) permits a court to transfer a case to the district where venue is proper.

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

*See also* 14D Charles Alan Wright, *et al.*, Federal Practice and Procedure § 3827 (Thomas Reuters 2026 Supplement) (2013).

Because this case is so patently frivolous, a transfer is not "in the interest of justice." *Id.* The Motions to Dismiss will be considered as the basis for an outright dismissal of the complaint rather than transferring it to another district.

As a preliminary matter, the court will address the named police department defendants. In *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011), the Seventh Circuit held that local government liability under § 1983 "is dependent on an analysis of state law." *See*

*McMillian v. Monroe County*, 520 U.S. 781, 786 (1997). Under Indiana law, a "[m]unicipal corporation" is a "unit…or other separate local governmental entity that may sue and be sued." Ind. Code § 36-1-2-10. A "'[u]nit' means county, municipality, or township," Ind. Code. § 36-1-2-23, and a "[m]unicipality is a "city or town," Ind. Code. § 36-1-2-11. Thus, the Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued. *See Martin v. Fort Wayne Police Dep't*, 22010 WL 4876728, at *3 (N.D. Ind. Nov. 23, 2010). WPPD and CCPD are not a municipal corporations subject to liability under § 1983. Each is a subdivision of the City of Woodland Park and the City of Cripple Creek, which are the only entities which can be held liable for any police misconduct. Consequently, WWPD and CCPD are not the proper defendants and should be dismissed.

Plaintiff's claims do not contain material sufficient to meet the pleading standard required in federal courts. Per Federal Rule of Civil Procedure 8(a)(2), any pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Complaints that do not meet this standard may be dismissed pursuant to Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554–57 (2007). To survive a motion to dismiss, a complaint must contain factual material that, if taken as true, would raise a right to relief that is plausible on its face. *Id.*

When evaluating the content of a complaint under this plausibility standard, the presumption of truth does not apply to conclusory statements or allegations; the nonconclusory factual allegations must show that the pleader is entitled to relief beyond the level of speculation or mere possibility. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). All federal complaints are governed by this pleading standard. *Id.* at 684. *Soo Line R.R. Co. v. Consol. Rail Corp.,* 965 F.3d 596, 602–03 (7th Cir. 2020) (affirming dismissal of a complaint because it consisted of bare

legal conclusions and facts consistent with liability and did not affirmatively allege facts supporting each essential element of the claim).

The Complaint does not meet the plausibility standard set out in *Iqbal*. 556 U.S. at 678. Plaintiff does not allege any details about Defendants' behavior beyond bare conclusory statements. [DE 1 at 26–44]. Plaintiff states multiple constitutional violations without more. Despite submitting 400 pages of exhibits to his Complaint and hundreds of pages to his responses, Plaintiff fails to assert any detail that could possibly sustain his claims. Plaintiff submits a timeline [DE 1 at 12] to the court that follows a stream of consciousness. In fact, the Complaint seems to theorize reasons why his business failed, he is questioned in foreign countries, and some family members no longer let him have lunch at their school. [DE 1 at 46-47].

Even if the pleading standard does not require a claimant to proffer evidence supporting his claims, it must establish a basis for liability and not just claim damages. Plaintiff has made bizarre damage claims: that he feels "every year, [he is] going to be arrested every November" and he cannot travel to other countries without having searches at the airport. *Id.*

Liability must be sufficiently pled before damages become relevant. The Seventh Circuit has affirmed that threadbare recitations of the elements of a cause of action and mere conclusory statements will not survive a motion to dismiss under Rule 12(b)(6). A complaint must have enough factual content to allow the court to reasonably conclude that any defendant is liable for the acts alleged. *United States ex rel. Berkowitz v. Automation Aids, Inc.,* 896 F.3d 834, 839 (7th Cir. 2018). Plaintiff's Complaint does not meet this standard. Plaintiff details his arrest in Colorado, the subsequent investigation, the prosecution's handling of Plaintiff's criminal case, fraud, and alleged professional misconduct. [DE 1 at 26–44]. The Seventh Circuit has held "that

a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010).

Additionally, under Rule 9(b), there is a heightened pleading standard for a complaint alleging fraud. Plaintiffs must plead the "who, what, when, where, and how" of the alleged fraud. *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff's vague, sweeping claims against Defendants are far from meeting this heightened standard for fraud claims or the general pleading standard per Rule 8(a)(2).

The Complaint also alleges claims based on state criminal statutes, and the Motions to Dismiss raise numerous defenses, such as expired statute of limitations, the *Heck v. Humprey* bar, qualified immunity, and absolute immunity. 512 U.S. 477 (1994). Because of the recommended disposition of this case, those issues need not be addressed.

**Conclusion**

For the foregoing reasons, the court **RECOMMENDS** that the District Court **GRANT** Defendant's Motions to Dismiss [DE 16; DE 38; DE 47; DE 49] based on improper venue and a lack of personal jurisdiction.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir.

1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

Federal Rule of Civil Procedure 11 allows the court to impose sanctions against a party for filing frivolous pleadings. Not only does the complaint lack merit, it also never should have been filed in the Northern District of Indiana. Any future pleadings, including an objection to this Report and Recommendation, may result in the imposition of sanctions.

ENTERED this 4th day of September, 2026

/s/ Andrew P. Rodovich
United States Magistrate Judge