UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL HILL,<br><br>Plaintiff,<br><br>v.<br><br>WOODLAND PARK POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 3:25-CV-979-CCB-APR |

**OPINION AND ORDER**

On September 4, 2026, Magistrate Judge Andrew P. Rodovich entered a Report and Recommendation concerning four separate motions to dismiss filed by the Defendants. (ECF 66). Plaintiff, proceeding pro se, filed objections to that Report and Recommendation, and the Court now rules.

## BACKGROUND

On October 10, 2009, Plaintiff arrived at his home in Woodland Park, Colorado. (ECF 1 at 9–10). He then traveled to a casino to look for his wife but returned home when he could not find her. (*Id.* at 10). Plaintiff's wife returned home the next morning and "what transpired is in dispute." (*Id.*). Plaintiff then left Colorado. (*Id.*). On October 14, 2009, officers with the Cripple Creek Police Department and Colorado Division of Gaming interviewed Plaintiff's wife and photographed bruising on her face. (*Id.*). On October 15, 2009, after the interviewing officers conferred with the Woodland Park Police Department, a warrant was issued for Plaintiff's arrest. (*Id.*).

In November 2009, divorce proceedings were initiated and Plaintiff received a summons from a court in Teller County, Colorado. (*Id.* at 7–8, 12). On December 17, 2009, Plaintiff visited the Woodland Park Police Department to obtain a copy of the police report detailing the October incident, where he was taken into custody. (*Id.* at 7–8, 12–13). Plaintiff subsequently pled guilty to unspecified charges pursuant to a plea agreement. (*Id.* at 13–14). As the factual background of the Magistrate Judge's Report and this Order were derived from Plaintiff's Complaint and Objection, any other details that appear missing illustrate the lack of well-pleaded allegations within the Complaint.

On November 18, 2025, Plaintiff filed suit against numerous state and local officials alleging fraud and several constitutional violations in connection with the investigation into the domestic incident. (*See generally* ECF 1). The first group of defendants includes the Cripple Creek Police Department ("CCPD"), its chief of police, 99 unnamed CCPD employees, the City of Cripple Creek, five Cripple Creek elected officials, as well as 99 unnamed Cripple Creek city employees ("Cripple Creek Defendants"). (*Id.* at 1–4, 54). The second group comprises the Woodland Park Police Department ("WPPD"), its chief of police, 99 unnamed WWPD employees, the City of Woodland Park, six Woodland Park elected officials, and 99 unnamed Woodland Park city employees ("Woodland Park Defendants"). (*Id.*). The third group consists of the Office of the Colorado Attorney General; Colorado Attorney General Phil Weiser, 99 unnamed Colorado Attorney General Office employees, the Office of Attorney Regulation Counsel, the Colorado Bureau of Investigation; Director Armando Saldate III of the Colorado Bureau of Investigation, 99 unnamed Colorado Bureau of

Investigation employees, the Colorado Division of Gaming; Director Christopher Schroder of the Colorado Division of Gaming, and 99 unnamed Division of Gaming employees ("State Defendants"). (*Id.*). The final group includes Colorado's 4th Judicial District Attorney's Office; 4th Judicial District Attorney Michael J. Allen, and 99 unnamed employees of the 4th Judicial District Attorney's Office (the "DA's Office Defendants"). (*Id.*).

Each group of similarly situated defendants filed respective motions to dismiss. (ECF 16; 38; 47; 49). On April 2, 2026, the Court referred the matter to Magistrate Judge Andrew P. Rodovich to prepare a Report and Recommendation on the Cripple Creek and Woodland Park Defendants' respective motions to dismiss. (ECF 16; 38; 54). On June 18, 2026, the Court entered a similar referral to Judge Rodovich concerning the two motions to dismiss filed by the DA's Office Defendants and State Defendants. (ECF 47, 49, 65). Judge Rodovich issued the Report and Recommendation as to all four motions on September 4, 2026. (ECF 66). Plaintiff filed an objection to that Report on September 17, 2026. (ECF 67). The Court now rules on the Report and Recommendation, reviewing it de novo. Fed R. Civ. P. 72(b).

## ANALYSIS

The Report entered by the Magistrate Judge recommended dismissal of all claims against defendants on the basis that (1) the Court did not have personal jurisdiction "over any defendant"; (2) that the Northern District of Indiana was not the proper venue; and (3) that the complaint failed to plausibly state a claim under Rule 8(a)(2) of the Federal Rules of Civil Procedure. (ECF 66 at 5–11).

Personal jurisdiction may be found by general or specific jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 127–28 (2014). General jurisdiction is established where a defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). Specific jurisdiction, on the other hand, is found where a defendant engages in certain minimum contacts within the forum state, to suggest they purposely availed themselves to the benefits and protections of that forum state's laws. *International Shoe*, 326 U.S. at 316; *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Specific jurisdiction also requires that a plaintiff's suit must arise out of or relate to the defendant's contacts with the chosen forum. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017).

The Magistrate Judge's Report concluded that Plaintiff's complaint failed to meet either of these jurisdictional standards. (ECF 66 at 6). The Court agrees, as the Report noted, "No defendant named in the Complaint has any connection to Indiana." (*Id.*). Each named defendant is a Colorado public official or employee. The Complaint does not contain any allegations to suggest that any defendant is "at home" in Indiana. *Goodyear*, 564 U.S. at 919. It also fails to allege facts showing any defendant engaged in minimum contacts or purposefully availed themselves to Indiana. *See International Shoe*, 326 U.S. at 316; *Hanson*, 357 U.S. at 253.

Though Plaintiff objects to the Report, nothing within the 96 pages of material addresses these jurisdictional concerns. Instead, Plaintiff's objection exhaustively

restates his core allegations without connecting those allegations to conduct within Indiana. Indeed, Plaintiff admits, during his only mention of alleged conduct directed toward Indiana, that he does not know whether any defendant routinely contacted individuals in Indiana in connection with Plaintiff's criminal case. (*See* ECF 67 at 8–9).

The Court also agrees with the Magistrate Judge that Plaintiff's allegations concerning harm to his unspecified business ventures and life interruption do not meet the requirements of specific jurisdiction. (ECF 66 at 6). In the context of law enforcement actions or investigations across state lines, the Supreme Court has held that "no jurisdictionally relevant contacts" can be found where a government defendant "never traveled to, conducted activities within, contacted anyone in, or sent anything or anyone to" the forum state. *Walden v. Fiore*, 571 U.S. 277, 289 (2014). As Plaintiff's objection admits, he does not know, allege, or describe such contacts by any defendant. (ECF 67 at 8–9). Thus, the Court agrees with the Magistrate Judge that no defendant is subject to personal jurisdiction in Indiana.

As to venue, the Report explained that venue was improper because none of the alleged events relevant to this case occurred in the Northern District of Indiana. (ECF 66 at 5). Under 28 U.S.C. § 1391(b), venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is

subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)–(3). The Court agrees with the Report that Plaintiff's Complaint fails to demonstrate that these provisions apply to any defendant.

It is true that, even when lacking personal jurisdiction, courts may transfer a case to a proper venue when it is "in the interest of justice." 28 U.S.C. § 1406(a). But courts will only transfer meritorious claims.[1] *Poole v. Baker*, 874 F. Supp. 222, 224 (C.D. Ill. 1994) ("Transfer is not in the interest of justice if the Complaint is frivolous and additional adjudication a [sic] waste of judicial resources.").

In this case, the Court agrees with the Magistrate Judge that transfer to another district is unwarranted. (ECF 66 at 7). The Court also agrees that Plaintiff's Complaint falls far short of Rule 8(a)(2)'s pleading requirements as interpreted by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under *Twombly*, a complaint filed in federal court may survive a motion to dismiss only if it contains "enough factual matter (taken as true)" to suggest that a plaintiff is plausibly "entitled to relief." 550 U.S. at 554–57. *Iqbal* later clarified that plausibility standard and held that the presumption of truth in a complaint does not apply to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." 556 U.S. at 678.

---

[1] While the Court can gauge the sufficiency of Plaintiff's claims for purposes of a § 1406(a) transfer, it cannot make a ruling on the merits because there is no personal jurisdiction. *See Sikhs for Just. v. Badal*, 736 F.3d 743, 751 (7th Cir. 2013) ("For without personal jurisdiction, a court has no authority to adjudicate a case on the merits.").

Plaintiff's Complaint falters when examined under these standards. The Report noted several of these pleading deficiencies including vague allegations of "multiple constitutional violations," "lost business," and assertions of fraud without the "who, what, when, where, and how" as required by *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). (ECF 66 at 9). Plaintiff's objection fails to add any additional information to meet the *Twombly*/*Iqbal* plausibility standard. It omits key facts (for example, what fraudulent statements were made) and omits details as to concrete harm (for example, what his arrest and conviction were for and how Defendants used those fraudulent statements to secure that arrest and conviction). Similarly, Plaintiff's objection identifies no interaction, let alone specific details, during which any defendant deprived Plaintiff of his constitutional rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments. Without more than threadbare recitals of various causes of action, the Court agrees with the Magistrate Judge that Plaintiff's Complaint lacks merit. Therefore, the Court concludes it is not "in the interest of justice" to transfer this matter to another venue.

Given the Court's conclusion that it lacks jurisdiction to adjudicate Plaintiff's Complaint, it need not address any of the additional defenses such as expired statutes of limitations, the *Heck v. Humphrey* bar, qualified immunity, and absolute immunity.

Finally, as Plaintiff was informed in the Report, a court may impose sanctions against a party for filing frivolous pleadings under Rule 11. *Matlin v. Spin Master Corp.*, 979 F.3d 1177, 1181 (7th Cir. 2020); Fed. R. Civ. P. 11(b). As explained above, neither Plaintiff's Complaint nor his objection to the Report contained any merit. That said,

Plaintiff was well within his rights under Rule 72 to "serve and file specific written objections to the proposed findings and recommendations." Fed R. Civ. P. 72(b). Therefore, no sanctions are warranted at this time.

However, the Court advises the Plaintiff that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it" he certifies that, to the best of his "knowledge, information, and belief formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b)(1)–(4). Filings that run afoul of Rule 11(b) may result in sanctions. *See* Fed. R. Civ. P. 11(c).

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. (ECF 66). The Court **GRANTS** each of Defendants' respective Motions to Dismiss and the Case is **DISMISSED** solely on grounds of personal

jurisdiction under Rule 12(b)(2). (ECF 16; 38; 47; 49). The Clerk is **DIRECTED** to close the case.

SO ORDERED on September 25, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT